J. S57011/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| STEPHEN M. ESPENLAUB, JR., | : | No. 1212 WDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, June 1, 2015,
in the Court of Common Pleas of Blair County
Criminal Division at No. CP-07-CR-0002429-2014

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND STRASSBURGER,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED AUGUST 23, 2016**

Stephen M. Espenlaub appeals from the June 1, 2015 aggregate judgment of sentence of 7½ to 20 years' imprisonment imposed after a jury found him guilty of ten counts of unlawful possession of a firearm.[1]  After careful review, we affirm the judgment of sentence.

The relevant facts and procedural history of this case are as follows. On December 18, 2012, appellant and a cohort broke into the home of Damein Morris, an admitted drug dealer, and robbed him at gunpoint while posing as police officers.  (Notes of testimony, 3/23/15 at 73-75.)  Morris did not report the incident at the time, but decided to cooperate with police

---

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6105.

in January 2013 after he received a letter that was purportedly from the DEA attempting to extort $20,000 from him. (*Id.* at 76-77.) Appellant was subsequently arrested after he showed up at Morris' residence in an unmarked white police car to get the money. (*Id.* at 39, 78.) The Commonwealth charged appellant with robbery, firearms violations, and related offenses[2] after an execution of a search warrant at his residence yielded a surplus of firearms, ammunition, and "police" gear allegedly utilized in the home invasion. (*Id.* at 50-58.) Appellant had a prior felony conviction enumerated in 18 Pa.C.S.A. § 6105(b) that prohibited him from possessing a firearm. (*Id.* at 2-3.)

The firearms charges were severed and appellant proceeded to a bifurcated jury trial on March 23, 2015.[3] Immediately prior to the start of trial, appellant's counsel made an oral motion to suppress the evidence seized as a result of the search warrant. (*Id.* at 9-10.) The Commonwealth subsequently objected on the basis that the motion was untimely pursuant to Pa.R.Crim.P. 579. (*Id.* at 10.) The trial court agreed and denied

---

[2] Specifically, appellant was charged with the following offenses: 18 Pa.C.S.A. §§ 3701 (robbery), 3502 (burglary), 2702 (aggravated assault), 3503 (criminal trespass), 903 (criminal conspiracy), 3922 (theft by deception), 3923 (theft by extortion), 4912 (impersonating a public servant), 2701 (simple assault), 6106.1 (carrying a loaded weapon), 6105 (unlawful possession of a firearm), and 6106 (carrying a firearm without a license).

[3] The record reflects that appellant was convicted in a separate trial of robbery, impersonating a public servant, and related offenses, and an appeal is pending in this court at Docket No. 304 WDA 2016.

appellant's motion that same day. (***Id.*** at 12-14.) Following a two-day trial, appellant was found guilty of ten counts of unlawful possession of a firearm. Prior to sentencing, appellant's trial counsel filed a motion to withdraw from representation. The trial court denied trial counsel's motion and sentenced appellant to an aggregate term of 7½ to 20 years' imprisonment on June 1, 2015. Thereafter, appellant sent a ***pro se*** letter to both his trial counsel and the trial court requesting reconsideration of his sentence. On June 12, 2015, the trial court entered an order indicating that appellant's motion would toll the time period for filing an appeal and permitted trial counsel to withdraw. On June 16, 2015, the trial court appointed new counsel to represent appellant and provided him with 30 days to file a motion for reconsideration of sentence ***nunc pro tunc***. Counsel subsequently filed a timely motion for reconsideration of sentence on July 14, 2015. The trial court denied said motion on July 20, 2015. This timely appeal followed.[4]

On appeal, appellant raises the following issues for our review:

> I.    Whether the search warrant for [appellant's] residence was overly broad, in that no probable cause was established to search for evidence of drug dealing[] or firearms?

> II.   Whether the evidence was sufficient to establish that [appellant] was in possession of the firearms[] and whether the verdict was against the weight of the evidence on this point?

---

[4] Appellant and the trial court have complied with Pa.R.A.P. 1925.

- 3 -

> III. Whether photographs of a child's bedroom which were unnecessary[] and inflammatory were properly admitted?

Appellant's brief at 11.

Appellant first argues that the trial court erred in denying his admittedly untimely motion to suppress the evidence obtained from the search of his residence. (Appellant's brief at 15.) Appellant contends the search warrant "was overly broad" and the police lacked probable cause "to search for evidence of drug dealing[] or firearms." (*Id.*)

Our standard of review when addressing a challenge to a trial court's denial of a suppression motion is well settled.

> [An appellate court's] standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, [the appellate court is] bound by [those] findings and may reverse only if the court's legal conclusions are erroneous.

*Commonwealth v. Jones*, 121 A.3d 524, 526 (Pa.Super. 2015) (citation omitted; brackets in original), *appeal denied*, 135 A.3d 584 (Pa. 2016).

In the instant matter, the trial court authored an extensive, 13-page opinion wherein it concludes, *inter alia*, that it did not err in denying

appellant's oral suppression motion as untimely and, in any event, "probable cause existed to support the issuance of the search warrant" in this case. (Trial court opinion, 9/29/15 at 8.) Following our careful scrutiny of the certified record, including the notes of testimony, the parties' briefs, and the applicable law, we conclude the trial court's determinations in this regard were entirely proper. Accordingly, we conclude that the trial court's opinion comprehensively discusses and disposes of appellant's suppression claim, and adopt that portion of its opinion as our own for purposes of this appellate review. (*See id.* at 7-11.)

Appellant next argues that there was insufficient evidence to sustain his conviction of ten counts of unlawful possession of firearms. (Appellant's brief at 18.) In support of this claim, appellant avers that the Commonwealth failed to prove that he "was in possession of the firearms" in question or "had both the power and intent to control [them]." (*Id.* at 18-20.) Appellant further argues, albeit parenthetically and without any citation to the applicable standard of review, that the verdict was against the weight of the evidence. (*Id.* at 20.)

> In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, is sufficient to prove every element of the offense beyond a reasonable doubt. As an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder. Any question of doubt is for the fact-finder unless the evidence is so

> weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Thomas*, 988 A.2d 669, 670 (Pa.Super. 2009), *appeal denied*, 4 A.3d 1054 (Pa. 2010) (citations omitted).

We discern that appellant challenges the sufficiency of the evidence to establish the element of possession of a firearm. In situations where it cannot be proven that a suspect had the firearm on his person, as is the case here, the Commonwealth is required to prove constructive possession. *See Commonwealth v. Hopkins*, 67 A.3d 817, 820 (Pa.Super. 2013), *appeal denied*, 78 A.3d 1090 (Pa. 2013).

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control.

*Commonwealth v. Brown*, 48 A.3d 426, 430 (Pa.Super. 2012), *appeal denied*, 63 A.3d 1243 (Pa. 2013) (citations and internal quotation marks omitted). As with any other element of a crime, the Commonwealth may sustain its burden of proving constructive possession by means of wholly circumstantial evidence, and the requisite intent may be inferred from examination of the totality of the circumstances. *Hopkins*, 67 A.3d at 820.

Upon review of the evidence in the light most favorable to the Commonwealth as the verdict winner, we conclude that there was sufficient evidence to establish that appellant constructively possessed ten firearms in violation of § 6105. The record establishes that following the execution of a search warrant, the police seized multiple firearms from various rooms in appellant's residence. (Notes of testimony, 3/23/15 at 51-56.) At trial, Detective Sergeant Matthew DePaolis identified several photographs of firearms discovered during the search. Specifically, Detective Sergeant DePaolis' testimony revealed that eight rifles were found in appellant's son's second-floor bedroom, and three additional firearms were recovered from appellant's master bedroom. (*Id.* at 45-49.) Detective Sergeant DePaolis further noted that the majority of the firearms were not locked in a safe or cabinet and that some were found loaded and were not equipped with a trigger lock. (*Id.* at 55-56.)

The record further reveals that appellant's wife, Natalie Friley ("Friley"), testified at length with regard to the firearms in question. Friley claimed that she was the individual who had purchased the firearms found by police, but indicated that she did not know how to load each firearm or the type of ammunition each firearm used. (*Id.* at 87-88.) Friley also noted that although appellant did not own the handgun found in their bedroom dresser, appellant loaded it for her. (*Id.* at 90-91.) Friley further testified that she observed appellant "handle" several handguns and acknowledged

on re-cross-examination that appellant had placed several of the rifles in question on their gun rack. (*Id.* at 99, 106.) As noted, the parties stipulated that appellant had a prior felony conviction enumerated in 18 Pa.C.S.A. § 6105(b) that prohibited him from possessing a firearm. (*Id.* at 2-3.)

Based on the foregoing, we agree with the trial court that the Commonwealth presented sufficient evidence for the jury to conclude, based upon the totality of the circumstances, that appellant possessed "the power to control the [ten firearms in question] and the intent to exercise that control." *See Brown*, 48 A.3d at 430. "If the factfinder reasonably could have determined from the evidence adduced that all of the necessary elements of the crime[s] were established, then that evidence will be deemed sufficient to support the verdict." *Commonwealth v. Judd*, 897 A.2d 1224, 1234 (Pa.Super. 2006), *appeal denied*, 912 A.2d 1291 (Pa. 2006) (citation omitted). Accordingly, appellant's sufficiency claim must fail.

Lastly, appellant argues that the trial court erred in admitting testimony that referenced the fact that several of the firearms in question were found in his minor son's bedroom. (Appellant's brief at 20.) Appellant maintains that this evidence was "inflammatory" and that "[t]he references to the room as being a child's room w[ere] not necessary[.]" (*Id.* at 20-21.) We disagree.

In reviewing a trial court's ruling on the admissibility of evidence, our standard of review is one of deference. "[T]he admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." ***Commonwealth v. Fransen***, 42 A.3d 1100, 1106 (Pa.Super. 2012), ***appeal denied***, 76 A.3d 538 (Pa. 2013) (citation omitted). "An abuse of discretion is not merely an error of judgment; rather discretion is abused when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record." ***Commonwealth v. Antidormi***, 84 A.3d 736, 745 (Pa.Super. 2014), ***appeal denied***, 95 A.3d 275 (Pa. 2014) (citation omitted).

This court has long recognized that,

> [t]he threshold inquiry with admission of evidence is whether the evidence is relevant. Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable, or supports a reasonable inference or presumption regarding the existence of a material fact. In addition, evidence is only admissible where the probative value of the evidence outweighs its prejudicial impact.

***Antidormi***, 84 A.3d at 750 (citations and internal quotation marks omitted).

In the instant matter, the trial court addressed this issue in the context of appellant's oral motion to exclude photographs of the firearms that were found by police in his son's bedroom. (**See** notes of testimony, 3/23/15 at 7.) Following argument, the trial court permitted the

Commonwealth to introduce said photographs.  (***Id.*** at 8-9.)  In so ruling, the trial court instructed that the Commonwealth's witnesses were not permitted to "emphasize the children's bedrooms or . . . inflame the jury that these are kid[s'] bedrooms." (***Id.*** at 9.)

Thereafter, on direct examination, Detective Sergeant DePaolis referenced appellant's son's bedroom when describing the location where pictured firearms were found.

> Q.   And slide #17 depicts what?
>
> A.   Those were rifles that were in [appellant's] son's room in the back of the residence above the son's bed there.
>
> . . . .
>
> Q.   When you say bedroom, for the record, do you mean the attic bedroom or what you said was the second floor bedroom?
>
> A.   Second floor bedroom, his son's bedroom.

***Id.*** at 45, 52.

Additionally, appellant's wife also testified on direct examination that the bedroom where some of the firearms were found by police belonged to her minor son.

> Q.   And which room is this, this for the record is slide #17?
>
> A.   This is my son's room, my son's room.

> Q. And at the time of the execution of the search warrant, January of 2103, how old was your son?
>
> A. Ten.

*Id.* at 89.

Upon careful review, we conclude that this evidence was not inflammatory and did not seek to inflame the jury's sensibilities. Rather, the aforementioned testimony of both Detective Sergeant DePaolis and appellant's wife fell within the common description of the location of the weapons and spoke directly to the subject matter of the instant case; namely, to establish the close proximity and accessibility of the firearms to appellant in the home, and the fact that appellant clearly possessed them, and not his ten-year-old son. Furthermore, we agree with the trial court's rationale that the sparse reference to the age of appellant's son was relevant to the jury's consideration of the issue of whether it was plausible that "the son may have possessed the firearms[,]" rather than appellant. (Trial court opinion, 9/29/15 at 12.) Courts in this Commonwealth are "not required to sanitize the trial to eliminate all unpleasant facts from the jury's consideration where those facts are relevant to the issues at hand. . . ." *Antidormi*, 84 A.3d at 752 (citation and internal quotation marks omitted). Accordingly, appellant's third claim of trial court error must fail.

Judgment of sentence affirmed.

J. S57011/16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  8/23/2016

IN THE COURT OF COMMON PLEAS OF BLAIR COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA      :
                                  :
                                  :
        v.                        :     CR 2429-2014
                                  :
                                  :
STEPHEN M. ESPENLAUB, JR.         :
        Defendant /Appellant      :
                                  ........................

        HON. DANIEL J. MILLIRON          PRESIDING JUDGE

        RICHARD CONSIGLIO, ESQ.          DISTRICT ATTORNEY

        DAVID AXINN, ESQ.                COUNSEL FOR DEFENDANT
                                  ........................

### OPINION PURSUANT TO Pa.R.A.P. 1925(b)

### PROCEDURAL HISTORY

Defendant, Stephen M. Espenlaub, Jr., was charged in the above-captioned matter with multiple offenses including Robbery, Burglary, and several firearm charges. The firearm charges were subsequently severed and scheduled for a bifurcated criminal jury trial before the undersigned that commenced on March 23, 2015. Count 10, Carrying a Loaded Weapon and Count 22, Firearms Not to be Carried Without License, as a Misdemeanor of the First Degree, were withdrawn and dismissed with prejudice immediately prior to the start of first day of trial; Counts 20 and 21, Possession of Firearm Prohibited, were dismissed with prejudice after the conclusion of the Commonwealth's evidence. On March 24, 2015, a jury found Defendant guilty of ten counts of Felon Not to Possess a Firearm, 18 P.S. § 6105(a)(1) as a Felony of the Second Degree.

Defendant's fourth trial counsel, Tyler Rowles, filed a Motion to Withdraw as Counsel on May 22, 2015; the Court denied that Motion and required Attorney Rowles to continue his representation of Defendant at the scheduled sentencing hearing. On

1

22

June 1, 2015, the Court sentenced Defendant to a period of incarceration of 7½ to 20 years in a state correctional institution with credit for time served.

On June 12, 2015, the Court received a *pro se* letter from Defendant requesting reconsideration of his sentence; Attorney Rowles indicated that he had also received a letter. The Court directed that Defendant's letter for reconsideration would act as a tolling of the time period for Defendant's appeal and relieved Attorney Rowles of his responsibilities as Defendant's counsel. The Court instructed substitute counsel to be assigned and provided new counsel with thirty days to file a Motion for Reconsideration. Attorney David Axinn was subsequently appointed as appellate counsel on June 16, 2015.

Defendant filed a Motion for Reconsideration on July 14, 2015 which this Court denied without a hearing on July 17, 2015. Defendant filed a notice of appeal on August 6, 2015 to which this Court directed Defendant to file a Concise Statement pursuant to Pa.R.A.P. 1925(b) on August 17, 2015. Defendant complied and timely filed the 1925(b) statement on September 8, 2015 raising four issues:

1. The evidence was not sufficient to meet the Commonwealth's burden of proof on the issue of whether the Defendant was in possession of the firearms. Def.'s 1925(b) ¶ 1.

2. The verdict was against the weight of the evidence. Def.'s 1925(b) ¶ 2.

3. The Court erred in denying the Motion to Suppress, as being overly broad in its application, and performance. Def.'s 1925(b) ¶ 3.

4. Evidence that was prejudicial and inflammatory was admitted at trial. Repeated references were made to the fact that guns were found in a child's bedroom, by prosecution witnesses, and in the prosecution's closing , and Natalie Friley, a prosecution witness, referred to the fact that the Defendant was incarcerated. Def.'s 1925(b) ¶ 4.

The Court now proceeds to disposition.

2

23

## DISCUSSION

**I.      SUFFICIENCY OF THE EVIDENCE – POSSESSION OF A FIREARM**

Defendant and the Commonwealth entered a stipulation that Defendant had a prior felony criminal conviction enumerated in 18 P.S. § 6105 that prohibited Defendant from possessing a firearm by state and federal law. Com.'s Ex. 13. In the instant appeal, Defendant claims that the Commonwealth's evidence at trial was insufficient to establish the element of possession of a firearm in violation of § 6105. Def.'s 1925(b) ¶ 1. Possession of a firearm is an essential element of § 6105:

> **(a) Offense defined.—**
>
> (1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S. § 6105(a)(1).

A claim challenging the sufficiency of the evidence is a question of law. *Com. v. Sullivan*, 820 A.2d 795, 805 (Pa. Super. 2003). When reviewing such a claim, the evidence must be viewed in the light most favorable to the Commonwealth, as verdict winner, to determine if there was sufficient evidence to enable the fact-finder to find every element of the crime charged beyond a reasonable doubt. *Com. v. McNair*, 529 Pa. 368, 603 A.2d 1014, 1016 (1992). The "entire trial record should be evaluated and all evidence received considered, whether or not the trial court's rulings thereon were correct." *Com. v. Micking*, 2011 Pa. Super. 45, 17 A.3d 924, 925-26 (2011) (citations omitted). The fact-finder is free to believe none, some or all of the evidence presented. *Id.*; *Com. v. Henry*, 569 A.2d 929, 939 (1990).

The focus of the criminal jury trial was whether Defendant constructively possessed the ten firearms seized from his residence. As such, the Commonwealth was

3

24

required to establish that Defendant "had both the ability to consciously exercise control over [the firearms] as well as the intent to exercise such control." *Com. v. Harvard*, 64 A.3d 690, 699, reargument denied (May 2, 2013), appeal denied, 621 Pa. 687, 77 A.3d 636 (2013) (citation omitted). The "intent to maintain a conscious dominion may be inferred from the totality of the circumstances, and circumstantial evidence may be used to establish a defendant's possession of drugs or contraband." *Id.*

Based on the totality of the circumstances and circumstantial evidence, there was sufficient evidence to enable the jury to determine that Defendant had the ability and intent to consciously exercise control over those ten firearms. Detective Sergeant Matthew DePaolis identified several photographs of firearms discovered during the search of Defendant's residence, specifically slides 17, 18, 19, 24, 31, and 42 of the Commonwealth's PowerPoint presentation. Slide 17 depicted eight rifles in a child's bedroom whereas slides 18 and 19 were close-ups photographs of those same rifles. Tr. Jury Trial 45-46, March 23, 2015; Com.'s Ex. 12. Slide 24 depicted a Smith & Wesson box for a handgun in a "closed locked door" in the attic bedroom. *Id.* at 46:17, 24-25; 47:1-2; Com.'s Ex. 12. Slide 31 depicted a "breakdown rifle." *Id.* at 47:19-20; Com.'s Ex. 12. Slide 42 depicted three additional rifles located in Defendant's bedroom. *Id.* at 48:7-8; 49:16-17; Com.'s Ex. 12.

Detective Sergeant DePaolis identified the seized firearms as follows:

Com.'s Ex. 2: .22 caliber rifle, serial number GSG 522
Com.'s Ex. 3: Savage/Stevens model .322 rifle (Slide 19 of Com.'s Ex. 12)
Com.'s Ex. 4: Remmington 760, 30-06 caliber
Com.'s Ex. 5: Rifle Savage, model 64, .22 caliber
Com.'s Ex. 6: Remington, model 770, .243 caliber
Com.'s Ex. 7: Rifle, Norinco, SKS, 7.62 x 39 caliber (Slide 42 of Com.'s Ex. 12)
Com.'s Ex. 8: Shotgun, Savage Arms, model 520, 12 gauge (Slide 42 of Com.'s Ex. 12)
Com.'s Ex. 9: Rifle/Shotgun, Rossi, model 8411220, .22 caliber and 410 gauge shotgun

4

Com.'s Ex. 10: Smit & Wesson, .40 caliber, semi-automatic handgun
Com.'s Ex. 11: Springfield Arms, XP-40, .40 caliber, semi-automatic handgun

*Id.* at 51–56. A majority of the above long guns were openly accessible as they were not locked in a safe or cabinet and lacked a trigger gunlock. *Id.* at 55:19–23. Moreover, some of the firearms were found in close proximity to police gear allegedly used in the home invasion on December 18, 2012. *See* Slides 23–30 of Com.'s Ex. 12.

Natalie Friley, Defendant's wife, testified she purchased the numerous firearms, but did not know the type of firearms that were purchased, the ammunition required for each firearm, and how to load each firearm. Tr. Jury Trial 87:21–22, 25; 88:1–5, March 23, 2015. The Commonwealth questioned Friley as to the location of some of the firearms:

> Q. So if any of the firearms, the pistols, were found in a location other than over here on the floor, would you have put them there?
>
> A. No.
> ...
> Q. And would you store your handguns in the dresser?
>
> A. No.
>
> Q. If they were placed in the dresser, did you place them there?
>
> A. No.

*Id.* at 90:16–25; 91:1. She additionally testified that Defendant "stored" and "handled" the rifles. *Id.* at 106:20.

Viewing all of the evidence in the light most favorable to the Commonwealth, there was sufficient evidence to enable the jury to determine that Defendant possessed ten firearms in violation of 18 Pa.C.S. § 6105.

II.    **VERDICT AND WEIGHT OF THE EVIDENCE**

A weight of the evidence claim "concedes that the evidence is sufficient to sustain the verdict, but seeks a new trial on the ground that the evidence was so one-

5

26

sided or so weighted in favor of acquittal that a guilty verdict shocks one's sense of justice." *Com. v. Lyons*, 622 Pa. 91, 116, 79 A.3d 1053, 1067 (2013) *citing Com. v. Widmer*, 560 Pa. 308, 318-320, 744 A.2d 745, 751-752 (2000). A weight of the evidence review includes an assessment of the credibility of the testimony offered by the Commonwealth. *Com. v. Wilson*, 825 A.2d 710, 714 (Pa. Super. 2003). The weight of the evidence "is exclusively for the finder of fact, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." *Com. v. McCloskey*, 835 A.2d 801, 809 (Pa. Super. 2003) (citation omitted).

Here, the Commonwealth provided numerous witnesses and circumstantial evidence that Defendant possessed the ten firearms in violation of § 6105. Detective Sergeant Matthew DePaolis identified ten firearms seized from Defendant's residence were not locked in a safe or cabinet nor had a trigger gunlock. Tr. Jury Trial 51-56, March 23, 2015. Damein Morris testified that on December 18, 2012, two individuals dressed as Police or DEA and armed with semi-automatic pistols entered his residence, handcuffed him, and took his marijuana and money. *Id.* at 73-75. Morris identified Defendant as the party who came to pick up the money demanded from the extortion letter in the home invasion. *Id.* at 78:15-23. Natalie Friley testified that although she purchased the numerous firearms, she did not know the type of firearms that were purchased, the ammunition required for each firearm, how to load each firearm, and that she did not store the handguns in the dresser in the bedroom shared with Defendant. *Id.* at 90:16-25; 91:1.

The jury, as fact finder, determined the Commonwealth's witnesses were credible and Defendant's convictions do not shock the Court's sense of justice.

6

27

## III. MOTION TO SUPPRESS – SEARCH WARRANT

Immediately prior to the start of the criminal jury trial on March 23, 2015, the Court heard arguments regarding Defendant's oral Motion to Suppress the search warrant. Attorney Rowles first argued that the search warrant of Defendant's residence lacked probable cause in that it was based on the description and placement of two handguns allegedly used in a home invasion "in the air cleaner compartment of the Mazda Millenia." *Id.* at 9:20-25; 10:1-4. The Mazda Millenia was registered to Natlie Friley, Defendant's wife. Com.'s Ex. 1. Attorney Rowles asserted that the search warrant was overly broad and lacked specificity as to the items to be searched where the search warrant sought "any firearms or implements used both to safeguard illegal activity." Tr. Jury Trial 10:4-11, March 23, 2015.

The Commonwealth objected to Defendant's oral Motion pursuant to Pennsylvania Rule of Criminal Procedure 579. Rule 579 provides:

> (A) Except as otherwise provided in these rules, the omnibus pretrial motion for relief shall be filed and served within 30 days after arraignment, unless opportunity therefor did not exist, or the defendant or defense attorney, or the attorney for the Commonwealth, was not aware of the grounds for the motion, or unless the time for filing has been extended by the court for cause shown.
>
> (B) Copies of all pretrial motions shall be served in accordance with Rule 576.

Pa.R.Crim. P. 579. The Commonwealth submitted that the oral Motion to Suppress was untimely as Defendant's counsel had failed to litigate the issue at the Preliminary Hearing before the Honorable Elizabeth A. Doyle on January 23, 2015 or file a formal motion prior to the criminal jury trial. Tr. Jury Trial 11:3-12, March 23, 2015.

This Court agreed and dismissed Defendant's oral Motion on March 23, 2015 as Defendant's prior trial counsels, specifically Attorney Catherine Miller and Attorney Rowles, had sufficient opportunity to seek suppression of the search warrant dated

7

28

January 11, 2013 and failed to do so. Defendant's third trial counsel, Attorney Miller, filed a Motion to Dismiss the twelve counts of 18 Pa.C.S. § 6105(a)(1) in CR 1141-2013 on September 5, 2014; these firearm charges were consolidated and refiled as the current charges in the instant criminal action (CR 2429-2014). Attorney Rowles was appointed as Defendant's counsel in December 2014 and litigated the Motion to Dismiss at the Preliminary Hearing before Judge Doyle. Judge Doyle found by Order dated January 23, 2015 that the Commonwealth had met their burden regarding the § 6105 firearm charges.

This Court relied on Judge Doyle's Orders dated September 26, 2014 in CR 1141-2013 and January 23, 2015 in CR 2429-2014 as well as the absence of a subsequent suppression motion in denying Defendant's oral Motion to Suppress as untimely. *Id.* at 12-14. The Court maintains that it did not err in denying Defendant's Motion as untimely as Defendant's third and fourth trial counsel were aware of the grounds of the suppression motion in 2013 and early 2014 and had ample opportunity to raise and litigate suppression of the search warrant. *See* Pa.R.Crim.P. 581(B).

However, even if Defendant's oral Motion to Suppress was timely, the Court concludes that probable cause existed to support the issuance of the search warrant. A search warrant is constitutionally valid where the "issuing authority...decide[s] that probable cause exists at the time of its issuance,' and make[s] this determination 'on facts described within the four corners of the supporting affidavit, and closely related in time to the date of issuance of the warrant." *Com. v. Griffin*, 24 A.3d 1037, 1043 (Pa. Super. 2011) appeal denied, 613 Pa. 650, 34 A.3d 82 (2011). The court must ensure that the magistrate had a substantial basis for concluding that probable cause existed by utilizing the "totality of the circumstances" test established in *Illinois v. Gates*, 462 U.S. 213 (1983). *Com. v. Torres*, 564 Pa. 86, 96, 764 A.2d 532, 537-538

8

(2001); *Com. v. Murphy*, 916 A.2d 679, 681-682 (Pa. Super. 2007). This includes

giving "deference to the issuing authority's probable cause determination" and viewing

the proffered information alleged to establish probable cause in a "common-sense,

non-technical manner." *Torres*, 564 Pa. at 96-97, 764 A.2d at 538 *citing Com. v.*

*Jones*, 542 Pa. 418, 668 A.2d 114, 117 (1995).

In the instant matter, the Commonwealth asserted that Defendant's Mirandized

statements contained in the Affidavit of Probable Cause demonstrated sufficient

probable cause to search Defendant's residence. Tr. Jury Trial 11:12-24, March 23,

2015. The Affidavit of Probable Cause provided:

> On January 10, 2013, Damien Morris of 1305 9th Street Altoona reported
> that he had been a victim of a home invasion on or about December 10,
> 2012. He advised that two males later identified as Stephen Espenlaub
> and Angel Vasquez forced entry [sic] his residence and posed as police
> officer's. He advised that both males displayed badges hanging around
> their necks, were armed with handguns, wore masks to conceal their
> faces and wore shirts that had "Police" printed on them.
> ...
> The Affiant Mirandized Espenlaub on scene and Espenlaub admitted to
> entering Morris' [home] along with Co-conspirator Vasquez on or about
> December 10th and taking the marijuana and cash. He was subsequently
> taken to the Altoona Police Department where he was again Mirandized
> by Detective Day and provided a recorded statement. He advised that he
> had purchased the police shirts on the internet utilizing his home
> computer and had the items delivered to his house. He stated that he
> also created the letter which was delivered to Morris utilizing his home
> computer and printer.

Com.'s Ex. 1.

In applying the totality of the circumstances test to this warrant and Affidavit, it

is clear that the warrant to search Defendant's residence was properly issued.

Defendant made Mirandized statements that he purchased the Police gear used in that

home invasion, had these items delivered to his residence, and participated in the

home invasion where handguns were used to facilitate the crime. *Id.* These allegations

indicated that there was a fair probability that contraband, including the firearms used

9

in the home invasion, would be found at Defendant's residence. Accordingly, the magistrate had a substantial basis for concluding that probable cause existed, and the search warrant is constitutionally valid.

As to Defendant's allegation that the search warrant was overly broad and lacked specificity as to the items to be searched, the Court disagrees. It is clear that a search warrant cannot be used as a "general investigatory tool to uncover evidence of a crime." *Com. v. Rega*, 593 Pa. 659, 684, 933 A.2d 997, 1011 (2007) (citation omitted). A warrant is defective where it fails to "describe as clearly as possible those items for which there is probable cause to search." *Id.* at 685, 933 A.2d at 1012 *citing Com. v. Grossman*, 521 Pa. 290, 555 A.2d 896 (1989).

> In assessing the validity of a description contained in a warrant, a court must initially determine for what items there was probable cause to search. The sufficiency of the description [in the warrant] must then be measured against those items for which there was probable cause. Any unreasonable discrepancy between the items for which there was probable cause [to search] and the description in the warrant requires suppression.

*Id.* (internal citations and quotations omitted). However, "where the items to be seized are as precisely identified as the nature of the activity permits and an exact description is virtually impossible, the searching officer is only required to describe the general class of the item he is seeking." *Com. v. Matthews*, 446 Pa. 65, 73, 285 A.2d 510, 514 (1971).

Paragraph 11 of Attachment A of the search warrant provides for the following items to be searched for and seized: "Any firearms or other implements useable to safeguard the illegal activities and substances inherent to those illegal activities, and any records or receipts pertaining to the acquisition and storage of any firearms, ammunition or other implements seizable under this warrant." Com.'s Ex. 1. The Court determined above that probable cause existed that the firearms used in the home

10

31

invasion would be found at Defendant's residence. Therefore, paragraph 11 of the search warrant contained sufficient specificity as to the firearms to be searched and seized.

## IV. PREJUDICIAL AND INFLAMMATORY EVIDENCE – LOCATION OF GUNS AND DEFENDANT'S INCARCERATION

Defendant's final issue on appeal asserts that prejudicial and inflammatory evidence was admitted at trial, specifically repeated references to some firearms being located in the child's bedroom and Defendant's incarceration. Immediately prior to the start of the criminal jury trial, the Court addressed the issue of the child's bedroom in the context of an oral Motion to Exclude photographs of four to eight firearms located in that bedroom. Attorney Rowles sought to exclude those photographs under Pennsylvania Rule of Evidence 403 as such photographs would allegedly create an emotional bias and "inflame the jury." Tr. Jury Trial 7:5–9, March 23, 2015. The Court denied that oral motion to the extent that the photographs would be consistent with the testimony. *Id.* at 8:15–17. Moreover, the Court specifically instructed that the Commonwealth's witnesses were not to emphasize the child's bedroom in an attempt "to emotionally charge the jury." *Id.* at 9:2–9.

Detective Sergeant DePaolis's testimony on direct examination demonstrated that the reference to the child's bedroom was not inflammatory, but within the common description of the location of the weapons.

Q. And slide #17 depicts what?

A. Those were rifles that were in his son's room in the back of the residence above the son's bed there.
...
Q. When you say bedroom, for the record, do you mean the attic bedroom or what you said was the second floor bedroom?

A. Second floor bedroom, his son's bedroom.

11

32

*Id.* at 45:13–15; 52:10–12. The same was true during the direct-examination of Natalie Friley:

Q. And which room is this, this for the record is slide #17?

A. This is my son's room, my son's room.

Q. And at the time of the execution of the search warrant, January of 2013, how old was your son?

A. Ten.

*Id.* at 89:14–18. The age of Defendant's son could be considered by the jury as to whether the son may have possessed the firearms. As such, these references were not prejudicial and inflammatory as they demonstrated the location and accessibility of the eight rifles to Defendant.

As to references to Defendant's incarceration, the Defendant and the Commonwealth entered a stipulation that Defendant had a prior felony criminal conviction enumerated in 18 P.S. § 6105 that prohibited Defendant from possessing a firearm by state and federal law. Com.'s Ex. 13. During the criminal jury trial, the following exchanged occurred between the Commonwealth and Friley on direct examination:

Q. And just so the record is clear, was your husband still residing with you at that time?

A. January?

Q. Of 2013, up until January 11, 2013?

A. No, he was in prison.

Q. January 11th—prior to his arrest ma'am, were you and your husband residing together?

A. Yes.

*Id.* at 87:9–16. Defendant did not object to this comment nor move for a mistrial. Moreover, the Commonwealth did not attempt to exploit this reference throughout the

remainder of the jury trial. In fact, this Court specifically instructed the Commonwealth in a sidebar later during Friley's testimony that she could not say that Defendant was in jail. *Id.* at 92:6-8. Therefore, the Court maintains that it did not abuse its discretion nor was prejudicial and inflammatory evidence admitted at trial.

## CONCLUSION

Viewing all of the evidence in the light most favorable to the Commonwealth, there was sufficient evidence to enable the jury to determine that Defendant possessed ten firearms in violation of 18 Pa.C.S. § 6105. The jury, as fact finder, determined the Commonwealth's witnesses were credible; moreover, Defendant's § 6105 convictions do not shock the Court's sense of justice. This Court did not err in denying the oral Motion to Suppress as it was untimely and, in the alternative, probable cause existed to support the issuance of the search warrant. Paragraph 11 of the search warrant contained sufficient specificity as to the firearms to be searched and seized. Finally, the Court did not abuse its discretion nor was prejudicial and inflammatory evidence admitted at the criminal jury trial.

BY THE COURT,

Dated: 9/29/15

_____

DANIEL J. MILLIRON,
JUDGE

13

34