615 A.2d 23

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**John BAKER, Appellant.**

Supreme Court of Pennsylvania.

Submitted May 4, 1992.

Decided Sept. 18, 1992.

---

122

R. Mark Thomas, Norristown, for appellant.
Syndi L. Norris, Asst. Dist. Atty., for appellee.

124

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

PAPADAKOS, Justice.

Appellant requests that we suppress evidence seized under a search warrant which allegedly was deficient both facially and because the officer-affiant omitted material facts by misrepresentation in his affidavit regarding the untrustworthy criminal character of the informant and his uncorroborated information.

Appellant was found guilty in a non-jury trial before the Honorable Kevin J. Hess of the Court of Common Pleas of Cumberland County of unlawful possession with intent to deliver a controlled substance (cocaine). He was sent to prison for a term of three to six years.

In his Omnibus Pre-Trial Motion, and during all proceedings, Appellant has attacked the following affidavit of Officer Michael Strine (affiant) of the Carlisle Police Department:

Within the past 72 hours Agent Don Way of the Bureau of Narcotics, State Attorney Generals (sic) Office has had an informant in a police controlled/observation situation go to the residence of 418 North West Street and purchase Cocaine from Johnny Baker. The informant was supplied with official investigative funds prior to entering residence, upon exiting residence and returning to Agent Way the confidential informant did relinquish the Cocaine the informant had purchased from Johnny Baker to Agent Way. On March 4, 1922 the same informant as mentioned before went into Johnny Bakers (sic) place of business at 65 West North Street and did purchase an amount of Cocaine. On September 28, 1988 the same informant as mentioned before went into Johnny Bakers (sic) other address at 144 North Pitt Street and did purchase an amount of Cocaine. On October 17, 1988 the same informant as mentioned before went into Johnny Bakers (sic) residence at 418 North West Street and did purchase an amount of Cocaine.

During all 4 transaction (sic) the Cocaine was delivered to the informant by the person of Johnny Baker. Within the past seventy hours of this date of application, the informant did purchase Cocaine from Johnny Baker at the address of 418 North West Street, during this transaction Johnny Baker did indicate to the informant that there were additional amounts of Cocaine in the residence.

Additionally, other independent sources have reported that Johnny Baker is involved in illegal drug sales from his residence at 418 North West Street, a property at 144 North Pitt Street, and a property at 65 West North Street. The above information is true and correct to the best of your affiants (sic) knowledge, information, and belief.

The affidavit is alleged to be insufficient for two interrelated reasons: 1) on its face, it fails to set forth a sufficient basis for the affiant's conclusion that probable cause existed; and 2) the affidavit must fail because the affiant misrepresented, or alternatively showed a reckless disregard, in failing to tell the issuing magistrate that the informant was a drug addict and a convicted robber, and that the Commonwealth had agreed to nolle pros a charge of escape.

As to the first allegation, Appellant asserts that the affidavit does not indicate that the informant had been employed on past occasions and could not be proven to be reliable; that although the affidavit refers to a "police-observation," the truth is that the exchange of drugs between the informant and Appellant took place inside Appellant's house without an opportunity for the police to witness, and thereby corroborate, the transaction; that no other independent corroboration appears on the affidavit; and that the informant, a known drug user himself, was not searched prior to his entrees into Appellant's home.

Evidence of the nolle pros agreement, the identity of the informant, and the informant's burglary conviction were put on record at the suppression hearing in testimony by the police. (R.R., Suppression, pp. 38a–41a). That court found that the affidavit was sufficient on the facts and that the reliability of the informant was corroborated by the actual

delivery of the cocaine. Under the "totality of circumstances" test, the warrant was not infirm.

The Superior Court affirmed in an unpublished memorandum opinion 413 Pa. 636, 595 A.2d 188, by finding that the stated facts provided a substantial basis upon which the magistrate could act under the "totality of circumstances" test of *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), as incorporated by *Commonwealth v. Gray,* 509 Pa. 476, 503 A.2d 921 (1985). As to the charge of misrepresentation, the Superior Court held that the omitted information was not material so as to vitiate the affidavit: "had this information been included in the affidavit, the affidavit would still provide a substantial basis upon which the magistrate could have found probable cause." (Slip opinion, p. 8).

We granted Appellant's petition for allowance of appeal to review the sufficiency of Appellant's allegations that the police withheld information from the magistrate tending to show a corrupting influence, and that without this information the issuing magistrate could not make a neutral and detached decision about whether all the information in the affidavit established probable cause.

As we have often indicated, the legal principles applicable when reviewing the sufficiency of an affidavit to determine whether it establishes the probable cause necessary for the issuance of a warrant are well established. Before an issuing authority may issue a constitutionally valid search warrant, he or she must be furnished with information sufficient to persuade a reasonable person that probable cause exists to conduct a search. *Commonwealth v. Davis,* 466 Pa. 102, 351 A.2d 642 (1976); *Commonwealth v. Jackson,* 461 Pa. 632, 337 A.2d 582, *cert. denied,* 423 U.S. 999, 96 S.Ct. 432, 46 L.Ed.2d 376 (1975); *Commonwealth v. D'Angelo,* 437 Pa. 331, 263 A.2d 441 (1970). The information offered to demonstrate probable cause must be viewed in a common sense, nontechnical, ungrudging and positive manner. *Commonwealth v. Edwards,* 493 Pa. 281, 426 A.2d 550 (1981); *Commonwealth v. Conner,* 452 Pa. 333, 305 A.2d 341 (1973); *Commonwealth v. Simmons,* 450 Pa. 624, 301 A.2d 819 (1973). It must also be

remembered that probable cause is based on a finding of the probability, not a *prima facie* showing of criminal activity, and that deference is to be accorded a magistrate's finding of probable cause. *Commonwealth v. Council,* 491 Pa. 434, 444, 421 A.2d 623, 628 (1980).

Hearsay information is sufficient to form the basis of a warrant so long as the magistrate has been provided with sufficient information to make a "neutral" and "detached" decision about whether there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of the reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . concluding that probable cause existed." *Commonwealth v. Gray,* 509 Pa. 476, 503 A.2d 921 (1986), citing *Illinois v. Gates,* 462 U.S. 213, at 236, 103 S.Ct. 2317, at 2332, 76 L.Ed.2d 527, at 547 (1983).

Appellant argues that the probable cause to issue the warrant here was based entirely on the hearsay information of an informant and that because nothing in the warrant corroborated the unnamed informant's information it could not provide a substantial basis for concluding that probable cause existed.

It is true that the informant alleged that he had purchased drugs from Johnny Baker on four different occasions in the last 6 months at three different places (one of which was 418 North West Street) and that he alleged that Baker told him that he had more cocaine at this address, but it is not true that there is no corroboration for this information.

Appellant has overlooked the fact that Agent Don Way of the Bureau of Narcotics provided the affiant with the results of his own investigation and surveillance which indicated that the Agent sent the informant to the three locations including 418 North West Street so that the informant could purchase drugs from Baker. Agent Way gave his own first-hand information to the affiant, he gave the informant money with which to purchase the drugs and received cocaine from the informant which was purchased from Baker.

Thus, the informant's allegation that Baker was selling drugs (at the North West Street address) was verified by the Agent's first-hand knowledge that the informant entered the North West Street address in a controlled situation with money for the express purpose to buy cocaine and that he exited the residence and gave the Agent cocaine. The Commonwealth argues that the Agent's observations were sufficient to corroborate the truthfulness of the informant's admission that he had bought cocaine from Baker in the past and to establish that there was a probability that when the informant entered the North West Street house a crime was committed therein.

What we glean from these allegations is that they are sufficient for a magistrate to make a non-technical, common-sense judgment applying a standard less demanding than those used in more formal legal proceedings. *Illinois v. Gates*, 462 U.S. 213, at 235, 103 S.Ct. 2317, at 2330–31, 76 L.Ed.2d 527, at 546 (1983).

What our conclusion would have been from such allegations is irrelevant. All that we observe is that the Agent corroborated the informant's admissions with first-hand knowledge, that he gave the informant money to buy narcotics in a controlled situation, and that the informant returned with cocaine. This information provides a substantial basis for concluding that a search would probably uncover evidence of wrongdoing and that the evidence is credible and reliable.

Appellant argues, however, that information was withheld concerning the informant's motives in cooperating with the Agent and that if this information had been supplied to the magistrate she would have been able to draw an adverse inference concerning the informant's credibility. Specifically, Appellant contends that the magistrate should have been told that the informant had been recently convicted for robbery, that the Commonwealth had promised to nolle pros a charge of escape to which the informant had pled guilty in exchange for his cooperation, and that the informant had a drug abuse problem.

Evidence of a corrupting influence by the police is a relevant consideration which should be made available to a magistrate so that he might make a neutral and detached decision about whether all the information shows probable cause. *Commonwealth v. Moss*, 518 Pa. 337, 543 A.2d 514 (1988). Such evidence which tends to show that an informant's information is untrue or that he had a reason to falsify the information or mislead the police would be highly relevant in assessing credibility and reliability, because these are still relevant considerations in the totality-of-the-circumstances analysis that guide probable cause determinations under *Gates* and *Gray*. Thus, where it can be established that evidence was withheld showing that an informant had a reason to falsify his information, it would follow that the magistrate's determination of probable cause was neither neutral nor detached.

Appellant argues that the magistrate should have been told that the informant had an agreement that an escape charge would be nolle prossed if he cooperated with the police, but he does not argue that the only inference to be drawn from this agreement is that he would provide false information about buying drugs from Appellant. Without such additional evidence it seems to us that the evidence does not establish corruption. As the matter stands, it could also be inferred that the agreement provided a reason or motive for his cooperation in buying drugs from Appellant and for admitting his drug purchases from him.

It is to be noted that where an informant implicates himself as a participant in a crime, his admission against his penal interest is accorded some indication of reliability, *Commonwealth v. Chumley*, 482 Pa. 626, 394 A.2d 497 (1978); *Commonwealth v. Matthews*, 446 Pa. 65, 285 A.2d 510 (1971), and can serve to rebut the inference that the police selectively omitted information about an informant so as to mislead the magistrate. *Moss, supra.*

Here the informant admitted his participation in buying drugs from Baker four times and, therefore, notwithstanding the alleged evidence of corrupting influences, the magistrate

would still have been able to draw the same inference concerning the informant's truthfulness, since the corrupting influence would only explain the motivation of the informant in cooperating with the police.

At the suppression hearing, Appellant was able to establish only that the informant may have had a motive for cooperating with the police, not that he did not purchase the drugs from Baker, which would have been difficult to demonstrate especially in light of Agent Way's allegations that he supplied the informant with money with which to purchase the drugs on four occasions and that the informant gave the drugs to the Agent each time. In short, we conclude that the evidence offered at the suppression hearing was insufficient to establish a corrupting influence on the part of the police or that such information was improperly withheld from the magistrate. The trial court was correct in concluding that the warrant was issued upon probable cause and in rejecting Appellant's motion to suppress the cocaine seized during the search.

Accordingly, the order of the Superior Court is affirmed.

LARSEN and CAPPY, JJ., concur in the result.