668 A.2d 114

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**West JONES, Appellant.**

Supreme Court of Pennsylvania.

Submitted Sept. 20, 1995.

Decided Nov. 28, 1995.

---

420

Robert J. Garshak, West Jones, for Appellant.

Robert E. Colville, Michael W. Streily, for Appellee.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE and MONTEMURO, JJ.

### OPINION ANNOUNCING THE JUDGMENT OF THE COURT

MONTEMURO, Justice.

This is an appeal from an order of the Superior Court, 440 Pa.Super. 633, 654 A.2d 600 which reversed the order of

the Court of Common Pleas of Allegheny County granting Appellant's Motion to Suppress evidence seized pursuant to a search warrant. At issue is whether the affidavit underlying the search warrant is sufficient to establish probable cause as required by the Fourth Amendment of the Federal Constitution.[1] Because we find that the affidavit provides a substantial basis to establish probable cause, we affirm the Superior Court.

On June 2, 1993, detectives with the City of Pittsburgh Police Department obtained a search warrant for 423 Biddle Street, Pittsburgh, Pennsylvania. The affidavit of probable cause upon which the search warrant was issued reads:[2]

Within the past (24 hrs) of 2 June 1993, the above Detectives have received information concerning the sells, of Marijhanna, Cocaine, and Crack Cocaine (which is the base form of Cocaine). Detectives received this information from a past reliable confidential informant, who from hereon will be referred to as the C.I. Also, the above described individuals will be referred to as the actor, actors. The fore mention C.I stated that he/she was inside of the above location and personal observed (2) two ounce's of Cocaine in the powder form. C.I also stated that she/he personal observed paraphernalia used to prepare powder cocaine into crack cocaine inside of one of the bedroom inside of the house. C.I furthermore stated that she/he has just personal observed (Kimba Jones) in the East Liberty area in the Mall area sells cut off plastic baggys of Marijhanna. The above C.I stated that the above active has been going on for the past (2) two months to the above C.I knowledge. C.I

1. Appellant also alleges a violation of Article I, Section 8 of the Pennsylvania Constitution. However, Appellant failed to raise this issue in the lower courts and cannot present it for the first time before this Court. Pa.R.A.P. 302(a). Regardless, our analysis would be the same under the Pennsylvania Constitution. *See Commonwealth v. Gray*, 509 Pa. 476, 503 A.2d 921 (1986). Alternatively, Appellant contends we should abandon the totality of circumstances test under our state constitution. Because Appellant has not raised this issue in the lower courts, it also is waived.

2. The affidavit is quoted verbatim from the application for the search warrant, without any changes or corrections by this Court.

stated that around the hours of 3PM to the late evening, drugs abusers could be observed coming and going in the above apartment. This C.I is knowledgeable with the appearance of Marijhanna, Cocaine, and Crack Cocaine. And how it is ingested into the human body. C.I states that the above actors would hide the drugs through out the apartment. The above C.I has been reliable in the past with the arrest and convention of the following people: J. Snoe on 7–18–92 for poss of Crack Cocaine, who received two years probation from Judge Little. L. Cargile on 7–23–92 for poss of Marij, who case is still pending in the Courts of Allegheny County. J. Newsome on 7–30–92 for poss with intent to Del Crack Cocaine, who case is still pending in the Courts of Allegheny County. Due to the above reasons Det's would like to secure a search warrant.

While the police were executing the warrant, Appellant, West Jones, arrived and was informed by the police that he would be subject to a pat-down search if he entered the apartment. Jones entered, and a pat-down search revealed a bag of crack cocaine on his person. Jones was arrested and charged with three violations of the Controlled Substance, Drug, Device and Cosmetic Act: Possession with Intent to Deliver,[3] Possession of a Controlled Substance,[4] and Possession or Distribution of Small Amount.[5]

Jones filed an Omnibus Motion in the nature of a Motion to Suppress the evidence obtained from the residence, claiming that no probable cause existed to search him. Jones also filed an Amended Omnibus Motion in the nature of a Motion to Suppress the evidence obtained claiming that the search warrant was invalid. The suppression court ordered the suppression of the crack cocaine found on Jones because it determined that the affidavit contained no corroboration which ensured its reliability, nor did it set forth with specificity any dates when the informant observed cocaine in the residence to be searched. Slip Op. at 12–13. On appeal, the Superior Court

3. 35 P.S. § 780–113(a)(30).
4. 35 P.S. § 780–113(a)(16).
5. 35 P.S. § 780–113(a)(31).

held that corroboration is only one factor to be considered, and that based upon the totality of the circumstances and a fair reading of the affidavit, the informant's information was not stale. Slip Op. at 3–4.

■ The standard for evaluating whether probable cause exists for the issuance of a search warrant is the "totality of circumstances" test as set forth in *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), and adopted by this Court in *Commonwealth v. Gray,* 509 Pa. 476, 484, 503 A.2d 921, 925 (1985). A magistrate is to make a "practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* at 484, 503 A.2d at 925, *quoting Gates,* 462 U.S. at 238–39, 103 S.Ct. at 2332.

■ The information offered to establish probable cause must be viewed in a common sense, nontechnical manner and deference must be accorded to the issuing magistrate. *Commonwealth v. Baker,* 532 Pa. 121, 126–27, 615 A.2d 23, 25 (1992). The duty of a court reviewing the decision is to ensure that the magistrate had a substantial basis for concluding that probable cause existed. *Id.* at 127, 615 A.2d at 25.

Jones' first allegation is that the totality of circumstances test does not lessen the requirement for police corroboration of information provided by an informant. The Commonwealth contends that corroboration is merely one factor to be considered in the totality equation, and the lack of corroboration does not render a search warrant *per se* invalid.

■ The totality of circumstances test was adopted to do away with rigid, precise determinations of probable cause. *See Gates,* 462 U.S. at 232, 103 S.Ct. at 2329. To require corroboration in every situation would be contrary to the purpose of the totality of circumstances test: allowing a flexible, common sense approach to all the circumstances of an

affidavit. *See Gates,* 462 U.S. at 239, 103 S.Ct. at 2332–33; *Gray,* 509 Pa. at 485, 503 A.2d at 926.[6]

▮ Turning our attention to the totality of the circumstances of this case, we begin by examining the informant's basis of knowledge. The affidavit in the instant case states that the informant has personally observed: Kimba Jones selling drugs; drugs in the Biddle Street apartment; drug abusers coming and going from the apartment from 3 p.m. to late evening; and paraphernalia used to prepare powder cocaine into crack cocaine inside the apartment. The information provided by the informant is not a rumor or speculation, but is based upon direct, personal observation. Because the affidavit provides a sufficient basis of knowledge, no corroboration is required.

▮ As to the informant's veracity, although *Gates* recognized the importance of police corroboration, it did so in the limited circumstance of anonymous tips because the veracity of persons supplying such tips is unknown. 462 U.S. at 237–38, 103 S.Ct. at 2331–32. In such a circumstance, corroboration provides a "substantial basis for crediting the hearsay." *Id.* at 245, 103 S.Ct. at 2335, *quoting Jones v. United States,* 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960). In addition, an informant's veracity can also be established through an assertion that the informant has given reliable information in the past. *United States v. Laury,* 985 F.2d 1293, 1312–13 (5th Cir.1993). In *Commonwealth v. Carlisle,* 348 Pa.Super. 96, 501 A.2d 664 (1985), *aff'd,* 517 Pa. 36, 534 A.2d 469 (1987), the court stated that reliability can be shown by reliable and accurate prior tips, or it "may also be determined by independent corroboration of the tip," however, the affidavit "need not

6. Even before the adoption of the totality of circumstances test, corroboration was not always required. All that was required was that the magistrate "be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant ... was 'credible' or his information 'reliable.'" *Aguilar v. Texas,* 378 U.S. 108, 114–15, 84 S.Ct. 1509, 1514, 12 L.Ed.2d 723 (1964); *accord, Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); *Gray,* 509 Pa. 476, 503 A.2d 921.

meet all these criteria." *Id.* at 100–01, 501 A.2d at 666. Therefore, if an informant's veracity has already been established through prior reliable tips, corroboration is not necessary.

In the case *sub judice*, the magistrate was presented with an affidavit containing information from an informant who was known to police and had provided reliable information in the past. The affidavit specifically states that the informant had provided tips on three prior occasions, resulting in one conviction and two cases pending before the courts. Furthermore, the affidavit provides names of the prior arrestees and the dates they were arrested. Since the reliability of the informant had already been established by the prior tips, corroboration was not necessary.

Taking into account all the circumstances presented to the magistrate, including the basis of knowledge and veracity of the informant, we hold that a substantial basis existed to find probable cause.[7]

■ Jones next contends that the affidavit is insufficient because it fails to set forth a date when the informant made his observations. An affidavit must set forth sufficient facts from which the time frame that criminal activities occurred can be determined so that probable cause exists when the

7. The Dissent contends that we have authorized the issuance of a search warrant based solely on the reliability, that is, the past performance, of a confidential informant, and in the process have relieved the affiant of any obligation to corroborate an informant's report.

Such a contention mischaracterizes our holding. In this case, the affidavit contains the basis of the informant's knowledge—his current, personal observations. Thus we do not rely solely on the informant's reliability, but assess the foundations of the information he has supplied. The correct reading of our Opinion is that when an affidavit contains information from a reliable informant, and the basis of that knowledge is provided, corroboration is not required. Further, there never has been an obligation to corroborate information if the informant is sufficiently reliable and the source of his knowledge is presented to a magistrate.

Contrary to the Dissent's assertion, we have not "gutted" the probable cause requirement. Rather, we have looked within the four corners of the affidavit, applied the totality of circumstances test, and determined that the magistrate had a substantial basis for concluding that probable cause existed in this case.

search warrant is issued. *Commonwealth v. Edmunds,* 526 Pa. 374, 382, 586 A.2d 887, 891 (1991). However, "staleness" of information must not be determined by rigorous exactitude. *Commonwealth v. Baker,* 513 Pa. 23, 28, 518 A.2d 802, 804 (1986). A showing that criminal activity is likely to have continued up to the time of the issuance of a warrant renders otherwise stale information viable. *Commonwealth v. Stamps,* 493 Pa. 530, 536, 427 A.2d 141, 144 (1981), *citing United States v. Harris,* 403 U.S. 573, 579 n. 2, 91 S.Ct. 2075, 2079 n. 2, 29 L.Ed.2d 723 (1971).

██ Viewing the affidavit with a common sense, non-technical eye leads to the conclusion that the affidavit evidences an on-going drug operation emanating out of 423 Biddle Street, and provides a substantial basis for issuing a search warrant. The affidavit states that within twenty-four hours, the detectives received information that Kimba Jones, a resident of 423 Biddle Street, "has just" been observed selling drugs. The affidavit also states that within the past two months the informant, who is familiar with the appearance of marijuana, cocaine, and crack cocaine and how they are ingested into the body, had personally observed drugs in the apartment and had personally observed drug abusers coming and going from the apartment from 3 p.m. to late evening. Furthermore, the informant personally observed paraphernalia used to prepare powder cocaine into crack cocaine inside the apartment.

A common sense appraisal of the affidavit leads to the conclusion that an on-going drug operation had been occurring for the two months prior to the affidavit, and that the very recent sales of drugs by a member of the apartment's household indicated that the drug activity was still occurring up until the time the search warrant was issued. We hold that the affidavit was not stale, and the magistrate had a substantial basis upon which to issue the search warrant.[8]

The Order of the Superior Court is affirmed.

8. The Dissent contends that the information provided by the informant was stale, and questions the probability that drugs observed two months

428

ZAPPALA, J., concurs in the result.

CAPPY, J., files a dissenting opinion in which FLAHERTY, J., joins.

MONTEMURO, J., participates by designation as a senior judge as provided by Rule of Judicial Administration 701(f).

CAPPY, Justice, dissenting.

The majority today authorizes the issuance of a search warrant based solely upon the uncorroborated hearsay of a confidential informant *because* the informant has provided reliable information in the past. In reaching that conclusion the majority has stripped the probable cause requirement of any meaning; thus, I must respectfully dissent.

Probable cause sufficient to justify the intrusion of the state into the privacy of a citizen's life and home, is best understood as the reasonable, rational determination of a neutral and detached magistrate, that evidence of criminal activity will probably be found at the time the warrant is issued, in the place, or on the person, to be searched. *See generally, Commonwealth v. Baker*, 532 Pa. 121, 615 A.2d 23 (1992). The question of what quantum of information is sufficient to establish probable cause has long plagued the judiciary. Of particular concern are warrants where the affidavit of probable cause is based upon hearsay information provided by unnamed informants.

Over thirty years ago with the United States Supreme Court's decisions in *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct.

previously would still be in the apartment at the time of the application for the search warrant because drug suppliers "move their merchandise as quickly as possible."

We have not, as alleged, relieved the affiant of the duty to ascertain the time frame for an informant's observations. The Dissent overlooks the informant's statement that drug activity "has been *going on* " for the prior two months; the affidavit does not state that the informant's observations are two months old. Additionally, the informant "has just" personally observed Jones selling drugs. Read together, these observations provide sufficient information to compel the conclusion that drug activity at the apartment was still occurring at the time the warrant was issued.

1509, 12 L.Ed.2d 723 (1964) and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), a strict two-pronged test was developed to establish probable cause when the affidavit to search was premised upon information from an unnamed informant. The *Aguilar/Spinelli* test required that the issuing authority ascertain the informant's "basis of knowledge," and, the informant's "veracity" and "reliability," before issuing a warrant. In 1983, with its decision in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the United States Supreme Court abrogated the *Aguilar/Spinelli* test, and replaced it with a less stringent approach to probable cause, referred to as "the totality of the circumstances" test. This approach to probable cause determinations was adopted by the Pennsylvania Courts in *Commonwealth v. Gray*, 509 Pa. 476, 503 A.2d 921 (1985).

The totality of the circumstances test was adopted to interject common sense into the process of reviewing affidavits of probable cause based upon information from unidentified informants. In abandoning the *Aguilar/Spinelli* test the *Gates* Court stated:

[W]e conclude that it is wiser to abandon the "two-pronged test" established by our decisions in Aguilar and Spinelli. In its place we reaffirm the totality-of-the-circumstances analysis that traditionally has informed probable-cause determinations. The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of the persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for ... conclud[ing]" that probable cause existed.

*Gates*, 462 U.S. at 238–39, 103 S.Ct. at 2332. [citations omitted, footnote omitted]. The intent of the *Gates* Court was to encourage the magistrate to look at the warrant as a whole in order to reach a conclusion that probable cause exists. However, the totality of the circumstances test does not mean

that even if the informant is credible, or, if the informant is reliable, we can dispense with the necessary nexus between the informant's reliability and the basis for the informant's knowledge. That nexus is the crucial link upon which a magistrate must rely before reasonably concluding that the affidavit sufficiently supports the probability that evidence of criminality will presently be in the location to be searched.

In the present case the affidavit of probable cause,[1] read in a common sense, non-technical fashion, tells us that within the last 24 hours an informant "recently" observed a drug sale generated by the appellant, on a public street. Further, this informant, sometime within the last two months, was in the appellant's apartment and observed various drugs and drug paraphernalia. Also, within the last two months the informant observed people coming and going from the appellant's apartment after 3:00 p.m. and into the late evening hours. The affiant believes the informant to be reliable because the confidential informant has provided reliable information in the past.

Assuming that the informant has been reliable in the past, what information is provided from which the magistrate could reasonably conclude that the "recently" observed drug sale is related to the distant observation of drugs in the appellant's apartment? The time frame for the informant's observations are quite vague. The only clear reference to time is that the informant told the affiant of all his observations within the last 24 hours. There is no valid interpretation of this affidavit by which a reasonable magistrate could determine that the information contained therein is not stale.[2] Is it truly probable that drugs observed two months ago would still be in the appellant's apartment given the common sense awareness of . most law enforcement officers that drug suppliers move their merchandise as quickly as possible? The mere belief of this

1. The entire affidavit is set forth in the Majority opinion at page 422–423.

2. The necessity of establishing a time frame for the informant's observation of criminal activity is an essential element of probable cause. *See, Commonwealth v. Edmunds*, 526 Pa. 374, 586 A.2d 887 (1991).

affiant that the informant is reliable does not establish probable cause.

The majority position, that corroboration of a confidential informant's information is unnecessary, when the informant has proven to be reliable in the past, strips the concept of reviewing warrants under the "totality of the circumstances" of the very element of common sense upon which it was founded. Under the majority approach, the magistrate no longer serves the critical function of reviewing the affidavit to ascertain with a neutral and independent eye, whether a reasonable basis has been established for relying upon the informant's information regarding the existence of evidence of criminality in the location to be searched. Not only does the majority position relieve the affiant of any obligation to corroborate the information, the affiant is further relieved of the duty to ascertain that the evidence is at the location to be searched at the time the warrant is to be executed. The magistrate now serves no other purpose than to rubber stamp the affidavit of probable cause whenever the affiant swears to the past reliability of the informant.

As the majority today guts the probable cause requirement of any substance, and authorizes the issuance of search warrants based solely on the untimely, uncorroborated, hearsay statements of unnamed informants, I dissent.

FLAHERTY, J., joins this dissenting opinion.