J-S71035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| NATEN UNG | |
| | No. 2319 EDA 2015 |

Appeal from the Order Entered July 9, 2015
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s): CP-51-CR-0001220-2015

BEFORE: BOWES, PANELLA, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED FEBRUARY 06, 2017**

The Commonwealth appeals from the order entered in the Philadelphia County Court of Common Pleas, which granted Appellee Naten Ung's[1] motion to suppress. The Commonwealth claims that the suppression court erred in concluding a warrant to search Appellee's residence was not supported by probable cause. We reverse and remand for further proceeding.

The factual background at issue was set forth in the affidavit of probable cause prepared by Philadelphia Police Officer Charles Kapusniak as follows:

> On 12/2/14, P/O Kapusniak#3465 and P/O Rich#9843 met with Confidential Informant#1493[("C/I")], this informant has been used in prior narcotics investigations leading to arrests and confiscations of narcotics, weapons and USC.

---

[*] Former Justice specially assigned to the Superior Court.

[1] We note that Appellee did not file an appellate brief.

The C/I stated to police that an asian male known to the C/I as "SP" (short thin approximately 5'4 120 lbs, with a tatoo under his left eye and on his neck)who lives at 517 Porter St. sells marijuana & cocaine in that immediate area utilizing the cell phone numbers of #267-546-6610 and 215-300-8337.

On 12/2/14, between the times of (1:00 and 4:00 pm exact time excluded to protect the C/I) C/I#1493 was searched in accordance with Phila. Police Dept. policy and procedure for narcotics or contraband with negative results. The C/I was given $20 pre-recorded buy money and in the presence of police dialed the #215-300-8337 and had a drug related conversation with a male voice in reference to purchasing marijuana. The male voice instructed the C/I to the area of 400 block of Tree St. The C/I was taken to that location. P/O Kapusniak#3465 observed the C/I approach an Asian male fitting the description of "SP" and handing the male the pre-recorded buy money in exchange for small items. The C/I immediately returned to P/O Rich#9843 and turned over (4) clear packets each containing a green weedy substance of alleged marijuana. Those items were turned over to P/O Kapusniak#3465 and were placed on PR#3184704.

On 12/9/14, between the times of (5:00 pm and 7:00 pm exact time excluded to protect the C/I) C/I#1493 was searched in accordance with Phila. Police Dept. policy and procedure for narcotics or contraband with negative results. The C/I was given $40 pre-recorded buy money and in the presence of police dialed the #267-546-6610 and had a drug related conversation with a male voice in reference to purchasing cocaine. The male voice instructed the C/I to go to the area of the 2300 block of S. 6th St. The C/I was observed by P/O Kapusniak#3465 meeting up with "SP" and handing him the pre-recorded buy money in exchange for small items. The C/I returned immediately back to P/O Rich#9843 and handed over (2) green tinted packets each containing a white powder substance of alleged cocaine. Those items were turned over to P/O Kapusniak#3465 and were placed on PR #3184727.

On 12/16/14, between the times of (2:00pm and 4:00 pm exact time excluded to protect the C/I) C/I#1493 was searched in accordance with Phila. Police Dept policy and procedure for narcotics or contraband with negative results.  The C/I was given $40 pre-recorded buy money and in the presence of police dialed the #267-546-6610 and had a drug related conversation with a male voice in reference to purchasing cocaine. The male voice instructed the C/I to go to the area of 2400 S.Fairhill St. The C/I was sent to that location, a short time later P/O Rich#9843 observed "SP" exit 517 Porter St and followed him on foot to 2400 S. Fairhill St. P/O Rich#9843 observed the C/I approach "SP" and hand him the pre-recorded buy money in exchange for small items. After the above transaction P/O Rich#9843 followed "SP" back to 517 Porter St., The C/I returned back to P/O Kapusniak#3465 and handed over (2) green tinted packets each containing a white powder substance of alleged cocaine. Those items were placed on PR#3184759.

On 1/6/15, between the times of (1:00 pm and 3:00 pm exact time excluded to protect the C/I) C/I#1493 was searched in accordance with Phila. Police Dept. policy and procedure for narcotics or contraband with negative results.  The C/I was given $40 pre-recorded buy money and in the presence of police dialed the #215-300-8337 and had a drug related conversation with male voice in reference to purchasing cocaine.  The male voice instructed the C/I to go to the area of 600 Ritner St.  The C/I was taken to that location and was observed by P/O Kapusniak#3465 approaching "SP" and handing him the pre-recorded buy money in exchange for small items. The C/I returned back to P/O Rich#9843 and handed over (2) red packets each containing a white powder substance of alleged cocaine. Those items were turned over to P/O Kapusniak#3465 and placed on PR#3184778.  P/O Kapusniak#3465 and P/O [R]ich39843 set up a plainclothes surveillance of 517 Porter and [  ] at approximately 4:45 pm observed "SP" enter that property using a key.

A NIK test "E" & "G" was conducted on samples of the items purchased during this investigation which tested

positive for matijuana and cocaine by P/O Kapusniak#3465.

A property check revealed that (Huang Li H) is the owner of record.

Aff. of Probable Cause, 1/7/15, 1-2.

Officer Kapusniak applied for a warrant to search 517 Porter Street on January 7, 2015, attaching the above affidavit. In addition to the factual averments set forth above, Officer Kapusniak also stated:

I your affiant, P/O Kapusniak#3465 have been a Philadelphia police officer for 22 years and have been involved in over 5000 narcotics investigations and believe that based on the information given, and the controlled C/I buys that the property of 517 Porter St. is being used to store and deliver illegal narcotics along with the proceeds of those sales. I am respectfully requesting a search & seizure warrant for that property at this time.

*Id.* at 2.

A search warrant for 517 Porter Street was issued and executed on January 8, 2015. Inside Appellee's residence, the police found, *inter alia*, nine packets of cocaine, forty-three packets of marijuana, several containers of Xanax pills, $1,087 dollars in cash, and a loaded handgun. Appellee was arrested and charged with possession with intent to deliver a controlled substance,[2] criminal use of communication facility,[3] intentional possession of

_____

[2] 35 P.S. § 780-113(a)(30).

[3] 18 Pa.C.S. § 7512(a).

- 4 -

a controlled substance,[4] possession of drug paraphernalia,[5] and possession of an instrument of crime.[6]

On June 26, 2015, Appellee filed a motion to suppress the physical evidence recovered from his residence, claiming that probable cause was lacking. The suppression court agreed and granted Appellee's suppression motion on July 9, 2015. The court determined that the facts set forth in Officer Kapusniak's affidavit did not establish probable cause. Suppression Court Opinion, 1/19/16, at 5-6. The court specifically found that the information was stale and vague:

> The affidavit questioned here presents evidence of criminal activity at 517 Porter Street at some date prior to January 8[th], some 23 days earlier. With no direct observations that criminal activity was afoot at the aforementioned property, the information was stale and vague. There is no corroborated indication that [Appellee] engaged in criminal activity at 517 Porter Street. No facts are averred which tend to show that 517 Porter was placed under observation; no personal observation is averred which would tend to indicate that the contraband was known to have been moved; no additional indication of ongoing or continuing activity is averred. Therefore it is not substantiated that contraband was to be found at 517 Porter Street.

*Id.* at 5.

---

[4] 35 P.S. § 780-113(a)(16).

[5] 35 P.S. § 780-113(a)(32).

[6] 18 Pa.C.S. § 907(a).

- 5 -

The Commonwealth filed a timely notice of appeal[7] and contemporaneously submitted a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The suppression court filed a responsive Pa.R.A.P. 1925(a) opinion.

The Commonwealth raises a single issue for our review:

> Did the [suppression] court err by invalidating a search warrant for [Appellee's] residence where police observed him leave the premises, sell drugs, and then return to the premises, and later confirmed that he was continuing to sell drugs on the street before returning home?

Commonwealth's Brief at 3.

The Commonwealth contends that the suppression court erred by finding that the evidence Officer Kapusniak supplied in his affidavit did not establish probable cause for the issuance of a search warrant for Appellee's residence located at 517 Porter Street. To that end, the Commonwealth emphasizes that a reliable C/I reported that Appellee was selling drugs in the immediate vicinity of his home and the police corroborated this information by setting up four controlled drug transactions. The Commonwealth points out that in one such transaction, police observed Appellee leave 517 Porter Street, engage in a drug transaction, and then

---

[7] While we note that the order at issue is interlocutory, it is well settled that pursuant to Pa.R.A.P. 311(d), the Commonwealth may pursue this appeal if it certifies "that the order will terminate or substantially handicap the prosecution." Pa.R.A.P. 311(d); **Commonwealth v. Whitlock**, 69 A.3d 635, 636 n.2 (Pa. Super. 2013). In this case, the Commonwealth provided the requisite certification within its notice of appeal filed on July 29, 2015.

immediately return to his residence. Further, the Commonwealth highlights that police observed Appellee return to the subject address after a controlled drug transaction only **two days** before the issuance of the search warrant. The Commonwealth avers that this last incident renders the information in the affidavit far from stale but instead evidence of a continuous drug operation. We agree.

When reviewing a Commonwealth appeal from a suppression order we apply the following standard and scope of review:

> [We] consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the entire record, remains uncontradicted. As long as there is some evidence to support them, we are bound by the suppression court's findings of fact. Most importantly, we are not at liberty to reject a finding of fact which is based on credibility.
>
> The suppression court's conclusions of law, however, are not binding on an appellate court, whose duty is to determine if the suppression court properly applied the law to the facts.

*Commonwealth v. Goldsborough*, 31 A.3d 299, 305 (Pa. Super. 2011), *appeal* denied, 49 A.3d 442 (Pa. 2012) (citations and quotation marks omitted).

It is beyond cavil that under both the state and federal constitutions, a search warrant must be supported by probable cause. *Commonwealth v. Hoppert*, 39 A.3d 358, 362 (Pa. Super. 2012). In general, "[p]robable cause exists where the facts and circumstances within the affiant's

knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that a search should be conducted." *Commonwealth v. Clark*, 28 A.3d 1284, 1288 (Pa. 2011) (citation omitted). Indeed, "an informant's tip may constitute probable cause where police independently corroborate the tip, **or** where the informant has provided accurate information of criminal activity in the past, **or** where the informant himself participated in the criminal activity." *Id.*

Pennsylvania Courts have adopted a "totality of the circumstances" approach to the determination of probable cause:

> In [Pennsylvania], the question of whether probable cause exists for the issuance of a search warrant must be answered according to the "totality of the circumstances" test articulated in *Commonwealth v. Gray*, 509 Pa. 476, 503 A.2d 921 (1985), and its Pennsylvania progeny, which incorporates the reasoning of the United States Supreme Court in *Illinois v. Gates*, 462 U.S. 213, 103 S. Ct. 2317, 76 L.Ed.2d 527 (1983). The task of the magistrate acting as the issuing authority is to make a practical, common sense assessment of whether, given all the circumstances set forth in the affidavit, a fair probability exists that contraband or evidence of a crime will be found in a particular place. A search warrant is defective if the issuing authority has not been supplied with the necessary information. The chronology established by the affidavit of probable cause must be evaluated according to a common sense determination.

*Commonwealth v. Arthur*, 62 A.3d 424, 432 (Pa. Super. 2013) (some citations and quotation marks omitted).

Further, "the law does not require that the information in a warrant affidavit establish with absolute certainty that the object of the search will be found at the stated location, nor does it demand that the affidavit information preclude all possibility that the sought after article is not secreted in another location." *Commonwealth v. Davis*, 595 A.2d 1216, 1222 (Pa. Super. 1991) (citation omitted). Indeed, a magistrate's determination of probable cause should be afforded substantial deference:

> [A]lthough [r]easonable minds frequently may differ on the question whether a particular affidavit establishes probable cause, the deference afforded a magistrate judge ensures that, [if] a substantial basis exists to support the magistrate's probable cause finding, [the trial court] must uphold that finding even if a different magistrate judge might have found the affidavit insufficient to support a warrant.

*Commonwealth v. Gagliardi*, 128 A.3d 790, 794-95 (Pa. Super 2015.

It is well settled that stale information cannot provide probable cause in support of a warrant. *Hoppert*, 39 A.3d at 363. However:

> Age alone . . . does not determine staleness. The determination of probable cause is not merely an exercise in counting the days or even months between the facts relied on and the issuance of the warrant. Rather, we must also examine the nature of the crime and the type of evidence.

*Id.* (citation omitted) (emphasis omitted).

Moreover, "a showing that criminal activity is likely to have continued up to the time of the issuance of a warrant renders otherwise stale information viable." *Commonwealth v. Jones*, 668 A.2d 114, 118 (Pa.

- 9 -

1995) (holding that affidavit supporting issuance of search warrant did not contain stale information where confidential informant reported that illegal drug activity had been ongoing at the subject property for over two months and had just observed such activity within 24 hours of the warrant application).

In the case *sub judice*, the suppression court concluded that the search warrant at issue was not supported by probable cause because the evidence presented in Officer Kapusniak's affidavit did not establish a sufficient connection between any illegal drug activity by Appellee and Appellee's residence. We disagree. First, the C/I reported that Appellee was living at the subject address and was dealing drugs in the immediate vicinity. The C/I had provided reliable information in the past leading to arrests. *See Clark*, 28 A.3d at 1288. Further, the police independently corroborated the C/I's information by observing Appellee engaged in four controlled drug transactions in the vicinity. *See id.* (C/I's tip regarding the packaging and distribution of drugs from a residence was sufficient probable cause to support the issuance of a search warrant when the information was corroborated by police observation of the defendant leaving the residence, engaging in a controlled drug buy, and returning to the residence).

Significantly, the police saw Appellant leave his residence, engage in a controlled drug buy, and return to the subject property on December 16, 2015. The suppression court discounts this incident as constituting "stale"

information because it occurred twenty-three days prior to the issuance of the search warrant. However, on January 6, 2015, just **two days** before the warrant was issued, police observed Appellee engage in yet another controlled drug transaction and watched him return to 517 Porter Street. We conclude that the issuing authority was well within its purview to find that the January 6 incident established that criminal activity was likely to have continued up to the time of the issuance of the warrant, rendering the December 16, 2015 incident viable rather than stale. *See Jones*, 668 A.2d at 118.

In light of the substantial uncontested evidence presented in Officer Kapusniak's affidavit of probable cause, we conclude that the issuing authority had ample basis to find probable cause. *See Goldsborough*, 31 A.3d at 305; *Arthur*, 62 A.3d at 432. Thus, the suppression court erred by declining to uphold the decision to issue the instant search warrant. *See Gagliardi*, 128 A.3d at 794-95. Accordingly, we reverse the suppression court's order and remand for further proceedings.

Order reversed. Case remanded for further proceeding. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/6/2017