J-A06026-16

2017 PA Super 94

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHARLES HOWARD MANUEL | |
| Appellant | No. 1048 MDA 2015 |

Appeal from the Judgment of Sentence entered June 3, 2015
In the Court of Common Pleas of York County
Criminal Division at No: CP-67-CR-0007220-2014

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TIMOTHY A. MANUEL | |
| Appellant | No. 1152 MDA 2015 |

Appeal from the Judgment of Sentence entered July 1, 2015
In the Court of Common Pleas of York County
Criminal Division at No: CP-67-CR-0007222-2014

BEFORE:  LAZARUS, STABILE, and DUBOW, JJ.

DISSENTING OPINION BY STABILE, J.:          **FILED APRIL 07, 2017**

Probable cause for the issuance of a search warrant exists when there is a *fair probability* evidence of a crime will be found in a particular place. ***Commonwealth v. Lyons***, 79 A.3d 1053, 1065 (Pa. 2013).

The CI in this case provided information to the police that in the previous 72 hours he[1] had been inside Appellants' home and witnessed the growing of multiple marijuana plants, marijuana packaged for sale, and marijuana growing accessories such as growing tools, soil, a humidifier and a grow tent. This was first-hand information from a CI who was present and witnessed the criminal activity for which Appellants were charged and convicted. This was not an anonymous source, but rather, a CI who previously provided reliable information to the police that led to a felony arrest. This was information that led the police to believe, based upon training and experience, that the premises were being used to grow, store, package, and prepare marijuana for the purpose of street-level sales. Viewing the totality of the circumstances here, these facts establish a fair probability that evidence of a crime would be found in the searched premises. *See id*. These facts notwithstanding, the Majority nonetheless insists that to establish probable cause, the police still must independently corroborate the CI's report of criminal activity. Our case law no longer supports such a mechanical application of probable cause under a totality of the circumstances test, especially where the informant's information is based upon personal observation. *See Commonwealth v. Clark*, 28 A.2d 1284, 1287-88 (Pa. 2011). In my opinion, the affidavit of probable cause

---

[1] The gender of the CI is unknown. As the Majority does, the CI will be referred to with male pronouns.

- 2 -

supporting the search warrant issued here by a neutral and detached magistrate judge comfortably satisfied probable cause by establishing that there was a fair probability that evidence of a crime would be found at Appellants' residence. I would affirm the trial court's ruling to deny suppression. Therefore, I respectfully dissent.

In **Commonwealth v. Clark**, 28 A.3d 1284 (Pa. 2011) our Supreme Court provided an overview of the evolution of the probable cause standard.

> Prior to 1983, in order to establish probable cause for the issuance of a search warrant based on information received from a confidential informant, an affidavit of probable cause had to satisfy a two-part test [, the **Augilar-Spinelli** test]. The test required the affiant to set forth 1) the basis of the informant's knowledge; and 2) facts sufficient to establish an informant's veracity or reliability. **Spinelli v. United States**, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); **Aguilar v. Texas**, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). In 1983, the U.S. Supreme Court abandoned this "two-part" test and adopted a "totality of the circumstances" test. **Illinois v. Gates**, 462 U.S. 213, 233, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).[2] The Court held that the **Aguilar-Spinelli** factors were no longer rigid, independent requirements that had to be satisfied, but instead, were merely *relevant factors among the totality of circumstances necessary to show probable cause*." **Id.**

**Commonwealth v. Clark,** 28 A.3d at 1286-87 (Pa. 2011) (emphasis added) (footnote omitted). Under **Gates**, "probable cause is a fluid concept that turns on the assessment of probabilities in factual contexts that are 'not readily, or even usefully, reduced to a neat set of legal rules.'" **Id.** at 1287-

---

[2] This was followed by our State Supreme Court in **Commonwealth v. Gray**, 503 A.2d 921, 926 (Pa. 1985).

88; *see also Commonwealth v. Repak*, 138 A.3d 666, 671 (Pa. Super. 2016). A totality of the circumstances analysis "permits a balanced assessment of relative weights of all the various indicia of reliability or unreliability of an informant's tip." *Clark*, 28 A.3d at 1288. Accordingly, "a CI's veracity and basis of knowledge are but factors among the totality of circumstances" to be considered. *Id.* Therefore, post-*Gates*, "an informant's tip **may** constitute probable cause where police independently corroborate the tip, **OR** where the informant has provided accurate information of criminal activity in the past, **OR** where the informant himself participated in the criminal activity." *Id.* (citing *Commonwealth v. Luv*, 735 A.2d 87, 90 (Pa. 1999) (some emphasis added); *see also In the Interest of J.H.*, 622 A.2d 351, 353 (Pa. Super. 1993). An affidavit of probable cause is reviewed "in its entirety, giving significance to each piece of information and balancing the relative weights of all the various indicia of reliability (and unreliability) attending the tip." *Commonwealth v. Wallace*, 42 A.3d 1040, 1048-49 (Pa. 2012) (quoting *Massachusetts v. Upton*, 466 U.S. 727, 732 (1984)). Therefore,

> [i]f, for example, a particular informant is known for the unusual reliability of his predictions of certain types of criminal activities in the locality, his failure, in a particular case, to thoroughly set forth the basis of his knowledge surely should not serve as an absolute bar to a finding of probable cause based on his tip. Likewise, if an unquestionably honest citizen comes forward with a report of criminal activity-which if fabricated would subject him to criminal liability-we have found rigorous scrutiny of the basis of his knowledge unnecessary.

> **Conversely, even if we entertain some doubt as to an informant's motives, his explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed firsthand, entitles his tip to greater weight than might otherwise be the case**.

*Id.* at 1051 (emphasis added) (quoting *Gates*, 462 U.S. at 233-34 (citations and footnote omitted in original). Likewise, "where the reliability of the informant is not established, then the facts and circumstances surrounding the tip must provide sufficient indicia of reliability to support a finding of probable cause." *Commonwealth v. Smith*, 784 A.2d 182, 187 (Pa. Super. 2001) (citing *In the Interest of O.A.*, 717 A.2d 490 (Pa. 1998)). The fluidity of the totality of the circumstances test under *Gates* does not hamstring an issuing authority from finding probable cause to issue a search warrant by insisting upon rigid criteria. Rather, an issuing authority may find that probable cause exists for a search warrant based upon whatever is presented in an affidavit of probable cause, so long as what is presented contains sufficient indicia of reliability to demonstrate there is a fair probability that contraband or evidence of a crime will be found in a particular place. *See Lyons*, 79 A.3d at 1064. Corroboration of a confidential informant's information, although very useful, is no longer always required to satisfy the dictates of probable cause. *See Commonwealth v. Jones*, 668 A.2d 114, 117 (Pa. 1995). "The suppression or exclusion of evidence is a 'most extreme remedy' that can be justified only when it is necessary to vindicate fundamental rights or to

correct or deter police abuse." ***Commonwealth v. Huntington***, 924 A.2d 1252, 1259 (Pa. Super. 2007) (citing ***Commonwealth v. Dennis***, 618 A.2d 972, 981 (Pa. Super. 1992)).

To illustrate, in ***Jones***, a post-***Gates*** plurality decision, the defendant was charged with drug offenses. ***Jones***, 668 A.2d at 116. He filed a motion to suppress evidence obtained pursuant to a search warrant. ***Id.*** As here, the defendant alleged that the affidavit supporting probable cause contained no corroboration to ensure its reliability. ***Id.*** The affidavit of probable cause related that the police had information from a confidential informant who personally observed the selling of drugs upon the searched premises, the informant observed drug abusers coming and going from the premises from 3 p.m. to late evening, and the informant observed paraphernalia to prepare powder cocaine into crack cocaine inside the premises. ***Id.*** The informant provided reliable information in the past leading to the arrest and conviction of one person and the arrest of two other individuals whose cases were still pending in court. ***Id.*** at 117. In rejecting the defendant's argument that the affidavit of probable cause required corroboration, the Supreme Court emphasized that it is the totality of the circumstances test to be employed and *that this test does not require corroboration in every situation.* ***Id.*** at 117-18. "[R]equir[ing] corroboration in every situation would be contrary to the purpose of the totality of circumstances test: allowing a flexible, common sense approach to

all circumstances of an affidavit." *Id.* at 117 (citations omitted). The Court stated "that the information provided by the informant was not rumor or speculation, but was based upon direct, personal observation." *Id.* Therefore, the Court held the affidavit provided a sufficient basis of knowledge and **no** corroboration was required. *Id.* at 117-18.

Here, as in *Jones*, the information provided by the CI was based upon the CI's personal observation of criminal activity within and upon Appellants' premises reported to police within 72 hours of his observation. Prior information provided by this CI allowed the police to make a felony arrest. In concluding that the issued warrant lacked probable cause, the Majority entirely ignores the CI's first-hand observation of criminal activity that perhaps is the most significant feature of the affidavit establishing probable cause in this case. Nor does the Majority discuss or give any credence to the affiant officer's expertise that lent support to the fact that Appellants' use of the premises was typical of a stash house for drug activity and street-level sales.

Also illustrative that suppression was properly denied here is our Supreme Court's decision in *Commonwealth v. Stamps*, 427 A.2d 141 (Pa. 1981). In *Stamps*, the appellant "was arrested and charged with possession and possession with intent to deliver a controlled substance." *Id.* at 142. "A search, pursuant to warrant, had uncovered twenty-five (25)

packs of heroin in the appellant's apartment." ***Id.*** A reliable informant had told police

> (1) that 'in the past 10 days' he had been inside appellant's second floor apartment . . . ; (2) that he observed appellant with approximately ten bundles of heroin in his possession; (3) that appellant told him he was going to sell the 'stuff' in one-half hour for $800.00 to a person named 'Roy'; (4) that he also had seen appellant on another occasion leave his apartment with three bundles of heroin to sell to two different persons; (5) that customers 'always' called appellant's telephone number before visiting his apartment to purchase drugs.

***Id.*** The informant's reliability was not questioned in ***Stamps***, because the informant "on a number of occasions over the past two years, had provided police with reliable information concerning criminal activity." ***Id.*** at 142 n.4. In affirming the defendant's judgment of sentence, the Supreme Court upheld the validity of the search warrant upon the basis that the information provided by the informant was information **personally observed** by him. ***Id.*** at 145. Although ***Stamps*** was a pre-***Gates*** case, it is useful for our present purposes. It logically follows that if ***Gates*** admits weighing the ***Aguilar-Spinelli*** factors among other considerations, then a search warrant valid under ***Aguilar-Spinelli*** also would be valid under ***Gates***; the difference now being that after ***Gates*** no single consideration must be satisfied to establish probable cause.

The Majority concludes that the CI's reliability was not established solely by the fact he had provided a tip leading to one still pending prosecution. Our law, however, does not establish any talismanic number of

prior instances of reporting reliable information to support probable cause. Nor does our law require that reliable information given in the past has resulted in convictions, as opposed to arrests. It is well-settled "that prior arrests attributed to information supplied by the informant need not result in convictions to establish the credibility of the informant or the reliability of his information." *Commonwealth v. White*, 457 A.2d 537, 539 (Pa. Super. 1983) (citations omitted). "[T]here is no logical reason for mandating that all information lead to convictions before reliability is established." *Id.* (quoting *Commonwealth v. Archer*, 352 A.2d 483, 486 (Pa. Super. 1975)). "The essential fact is that an informant gave prior information implicating others in criminal activity that proved to be correct." *Id.* (citations omitted). "[P]ast investigative leads that proved reliable and accurate are a sufficient indication of reliability." *Id.* (citation omitted); *See also Huntington*, 924 A.2d at 1255 ("In assessing an informant's reliability, a presumption exists that the information is trustworthy when it has been provided by an identified witness") (citation omitted); *Commonwealth v. Swartz*, 787 A.2d 1021, 1024 (Pa. Super. 2001) ("[A] tip from an informer known to police may carry enough indicia of reliability to conduct investigatory stop, even though the same tip from an anonymous informant would likely not have done so) (citations omitted); *Commonwealth v. Hayward*, 756 A.2d 23, 36 (Pa. Super. 2000) ("**Identified** citizens who report their observations of criminal activity to

police are assumed to be trustworthy in the absence of special circumstances.") (quoting *In the Interest of S.D.*, 633 A.2d 172, 174 n 1 (Pa. Super. 1993)). The reliability of the CI here was established by the fact he was not an anonymous source and prior information provided by him led to a felony arrest. The information was accurate and credible.

In my opinion, the Majority's analysis also improperly focuses upon what is not in the affidavit as opposed to what is contained in the affidavit to support probable cause. The Majority ignores entirely the weight and significance the issuing authority placed upon the CI's first-hand information contained in the affidavit and instead faults the police for not taking every opportunity to pursue more "substantial" corroboration prior to preparing the affidavit of probable cause. Majority Op. at 10.

The police must support a request for a search warrant with an affidavit of probable cause. *See* Pa.R.Crim.P. 206. "The police have probable cause when the facts and circumstances within the officer's knowledge are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed." *Commonwealth v. Harvard*, 64 A.3d 690, 697 (Pa. Super. 2013) (quoting *Commonwealth v. Hernandez*, 935 A.2d 1275, 1284 (Pa. 2007)). Once presented with a request by police for a search warrant,

> the task of an issuing authority is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that

> contraband or evidence of a crime will be found in a particular place. . . . Thus, the totality of the circumstances test permits a balanced assessment of the relative weights of all the various indicia of reliability (and unreliability) attending an informant's tip . . . . It is the duty of a court reviewing an issuing authority's probable cause determination to ensure that the magistrate had a substantial basis for concluding that probable cause existed. In doing so, the reviewing court must accord deference to the issuing authority's probable cause determination, and must view the information in a common-sense, non-technical manner.

*Id.* (quoting *Commonwealth v. Torres*, 764 A.2d 532, 537-38 (Pa. 2001)). *Id.* A reviewing court does "not conduct a *de novo* review of the issuing authority's probable cause determination, but [] simply determines whether or not there is substantial evidence in the record supporting the decision to issue the warrant." *Torres*, 764 A.2d at 540. In analyzing whether a warrant is supported by probable cause, judicial review is confined to the four corners of the affidavit. *Commonwealth v. Rapak*, 138 A.3d 666, 668 (Pa. Super. 2016).

Here, the Majority does not give full import to all the information contained within the affidavit of probable cause. Instead, the Majority strongly suggests, if not dictates, that the police should have, or are required to corroborate substantially, the information in the affidavit of probable cause. While more information is no doubt better than less, the determination of probable cause is to be based upon what is contained in the four corners of the affidavit and not denied upon what else may have been submitted in support of an application. Therefore, to the extent the Majority bases its decision upon what does not appear in the affidavit of probable

cause, as opposed to what is contained therein, the Majority, in my opinion, has strayed from our standard of review. Our standard of review merely requires that we determine if an issuing authority had a substantial basis for issuing a search warrant. *See Harvard*, 64 A.3d at 697. As should be apparent, in my opinion that standard comfortably was met in this case. The police were possessed of first-hand information from a reliable CI suggesting to them—based upon their training and experience—that evidence of criminal activity would be found upon Appellants' premises. Short of some suggestion that this CI was lying, the magistrate judge had no reason to doubt that the eyewitness information of this CI, who previously provided reliable information to police, was both credible and reliable. Viewing all information contained within the affidavit of probable cause in a common-sense, non-technical manner the magistrate judge was justified in believing that there was a fair probability that contraband or evidence of a crime would be found upon the premises. As a reviewing court, I would conclude that the magistrate judge had a substantial basis upon which to issue this search warrant.

I find the Majority's reliance upon *In Interest of O.A.*, 717 A.2d 490 (Pa. 1998), in support of its conclusion that additional corroboration was required here to be misplaced. In *In Interest of O.A.*, the Supreme Court examined whether police officers had probable cause to conduct a **warrantless arrest and search** based on a tip from a confidential

informant "who had previously provided information leading to approximately fifty arrests." *Id.* at 493. In concluding the officers did not possess probable cause, the Court distinguished its holding in *Jones* stating:

> In *Jones*, a magistrate issuing a search warrant made a determination that probable cause existed. In the instant case the determination was made by a police officer performing a warrantless arrest. A probable cause determination by a police officer making a warrantless arrest lacks the procedural safeguard that a neutral and detached magistrate can impart to any determination of probable cause. We recognize that the totality of the circumstances standard is the same whether used for determining the existence of probable cause for a magistrate's issuance of a search warrant or a police officer's determination that a warrantless arrest is justified. Nonetheless, **any analysis of the relevant circumstances must consider that "the detached scrutiny of a neutral magistrate[] is a more reliable safeguard against improper searches than the hurried judgment of a law enforcement officer engaged in the often competitive enterprise of ferreting out crime."** Thus, the usual deference given by a court to an issuing magistrate's probable cause determination is lacking in the instant case.

*Id.* at 496 (emphasis added) (internal citations omitted). Additionally, the Court held the informant's tip did "not disclose a sufficient basis of knowledge to support the police officers' belief that a crime had been or was being committed." *Id.* "The only assertion that the informant made relevant to his basis of knowledge was that he observed drugs for sale in the [appellant's] possession in an abandoned garage." *Id.* at 496-97. "It was unclear from [that] statement how the informant knew these were drugs in [the appellant's] possession." *Id.* at 497. "Likewise, there was no assertion that th[e] informant had provided information leading to any prior narcotics arrests or any other information which would establish his familiarity with

narcotics." *Id.* Probable cause was found lacking to support the warrantless arrest because the informant's information was not sufficient to tie the defendant to the alleged drug activity and there was absent the review of a detached neutral magistrate. *Id.* Therefore, "the police did not have a reasonable basis to conclude that [the appellant] had committed or was committing a crime at the time he was arrested." *Id.*

Here, we are not dealing with a warrantless search that lacks the detached scrutiny and additional measure of reliability of a neutral magistrate. Nor are we faced with a situation where the CI here could not tie the premises to criminal activity. The warrant issued in this case was reviewed by a magistrate based upon the affiant officer's experience, the CI's first-hand knowledge of the criminal activity conducted by Appellants, and the assurance of the CI's reliability based upon his provision of prior information that led to a felony arrest.

Likewise, I find the Majority's reliance upon *Commonwealth v. Chatman*, 418 A.2d 582 (Pa. Super. 1980), to be misplaced and of no precedential value. The decision in *Chatman* holds no precedential value, as the decision was issued by an evenly divided *en banc* court that serves only to affirm the result in the trial court. *See Commonwealth v. Mosley*, 114 A.3d 1072, 1082 n.11 (Pa. Super. 2015) (citing *Commonwealth v. James*, 427 A.2d 148 (Pa. 1981) ("when a judgment of sentence is affirmed by an equally divided court . . . no precedent is established and the holding is not binding on other cases."). *Chatman* also was decided prior to our

Supreme Court adopting *Gates* in 1983 in favor of a totality of the circumstances test and discarding the *Aguilar-Spinelli* test upon which *Chatman* relies. The issue in *Chatman* focused exclusively on the second prong of the now discarded *Aguilar-Spinelli* test that required specific findings on an informant's credibility or reliability. *Chatman*, 418 A.2d at 584. This Court evenly split on whether there was sufficient indicia of reliability to satisfy the now discarded *Aguilar-Spinelli* test. *Id.* at 585.

I, therefore, respectfully dissent from the Majority's decision and would affirm the denial of Appellants' suppression motion. The affidavit of probable cause established there was a fair probability that evidence of a crime would be found at Appellants' residence. Additional corroboration of this CI's reliability and his first-hand information was not necessary. Under our standard of review, the magistrate judge had a substantial basis for determining that probable cause existed upon which to issue the search warrant.